[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14336
Non-Argument Calendar
_____

D. C. Docket No. 04-00607-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS TRIGUEROS ROJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 26, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Trigueros Rojas appeals his sentence of 135 months of

imprisonment for drug trafficking. Rojas argues that the district court clearly erred by not granting Rojas a minor-role reduction under section 3B1.2 of the United States Sentencing Guidelines. We affirm.

Rojas was one of six crew members on a vessel that the United States Coast Guard intercepted near Colombia. The Coast Guard discovered, on the vessel and in the water around the vessel, approximately 1850 kilograms of cocaine packaged in bales. Rojas was arrested, and he pleaded guilty to conspiracy to possess with intent to distribute, and possession of with intent to distribute, 5 or more kilograms of cocaine. 46 U.S.C. app. §1903; 21 U.S.C. § 960(b)(1)(B)(ii).

At sentencing, Rojas objected that the presentence investigation report did not recommend a minor-role reduction under section 3B1.2 of the sentencing guidelines. Rojas asserted that, during the voyage on the vessel, he was seasick and unable to help the other drug traffickers. Rojas explained that, in contrast to his co-conspirators, he was unfamiliar with the sea. An agent of the government testified, based on an investigation that included interviews with the other crew members, that Rojas was a "load guard" on the vessel. The district court overruled Rojas's objection and sentenced him to 135 months of imprisonment.

Rojas argues that the district court clearly erred by not granting him a minor-role reduction. We review "a district court's determination of a defendant's role in

the offense . . . for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  Section 3B1.2(b) of the sentencing guidelines provides for a reduction of the offense level in the case of a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5 (2004).  A "district court must measure the defendant's role against the relevant conduct for which []he has been held accountable," De Varon, 175 F.3d at 940, and "may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct," id. at 944.  "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

Rojas's argument fails.  Rojas's role as a load guard of a crew on a vessel trafficking over 1800 kilograms of cocaine cannot "be described as minimal" when measured against the conduct for which he was held accountable.  Rojas also cannot be considered "less culpable" than the other crew members because he might have had less drug trafficking experience than them or was seasick.

**AFFIRMED.**